UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALIK WARE,

        Plaintiff,

        v.                          CAUSE NO.: 3:22-CV-13-JD-MGG

STATE OF INDIANA, et al.,

        Defendants.

## OPINION AND ORDER

Malik Ware, a prisoner without a lawyer, was ordered to show cause by June 13, 2022, why the initial partial filing fee assessed by the court in February 2022 had not been paid. (ECF 12.) He did not respond, but internal court records reflect that the initial partial filing fee has now been paid. Therefore, the court will proceed to screen the complaint.

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Ware is proceeding without

counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Ware alleges that he was stabbed by another inmate in July 2021, while he was at the St. Joseph County Jail awaiting transfer to an Indiana Department of Correction facility.[1] (ECF 6 at 2, 6.) He claims that he was housed with another inmate who was being held on a murder charge, and that somehow the inmate was able to smuggle a knife in among his belongings when he came to the jail. Mr. Ware claims that he showed this inmate "southern hospitality" by giving him food and other items, but the inmate nevertheless became angry at him for banging on a door and stabbed him, causing him severe injuries. He believes that the unnamed officers who transported and processed this inmate at the jail did not do enough to ensure that he had no weapons with him. He seeks $5 million in damages, among other relief.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many

---

[1] It is evident from Mr. Ware's allegations as well as public records that he had already been convicted and sentenced at the time of this incident. Public records reflect that in 2016 he was convicted of armed robbery and sentenced to a term of seven years in prison. *State v. Ware*, 71D03-1602-F3-13 (St. Joseph Sup. Ct. closed June 1, 2021). He was released on parole in 2020, but in September 2020, the state filed a petition to revoke his parole based on new counterfeiting offense and he was taken into custody at the St. Joseph County Jail. *Id.* He was released on bond, but later failed to appear at a court hearing and was re-arrested. *Id.* He subsequently pled guilty to the probation violation and on June 1, 2021, was sentenced to serve an additional two years in prison. *Id.* He also pled guilty to counterfeiting and on June 1, 2021, was sentenced to one year in prison for that offense, with the two sentences to run consecutively. *State v. Ware*, 71D03-2009-F6-877 (St. Joseph Sup. Ct. closed June 1, 2021). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted).

Applying those principles here, Mr. Ware has not plausibly alleged an Eighth Amendment violation. Although it is unfortunate that Mr. Ware was injured, he does not plausibly allege that any jail staff member knew of a specific risk to his safety and consciously disregarded that risk. Instead, he describes circumstances suggesting negligence in the screening of this inmate, but "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Likewise, making a "mistake" or exercising "poor judgment" does not satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018) (concluding that

3

defendant "should not have let out the second-floor inmates until after [plaintiff] returned to his cell" but her "actions did not cross the line from negligently enabling the attack to recklessly condoning it").

Although Mr. Ware believes he should not have been housed with an inmate facing a murder charge, public records reflect that he himself has a criminal history that includes violent offenses. *See State v. Ware*, 71D03-1602-F3-13 (St. Joseph Sup. Ct.) (2016 armed robbery conviction); *State v. Ware*, 71D08-1207-FC-00185 (St. Joseph Sup. Ct.) (2012 handgun conviction). To the extent he is claiming that jail classification procedures were not followed, a violation of jail policy cannot form the basis for an Eighth Amendment claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Furthermore, there is no indication that he alerted any of the defendants to a danger posed by this inmate, and indeed, it appears that he himself was surprised by the attack. "[A]s sad as it may be," the random attack he describes demonstrates the "inherent, as it were the baseline, dangerousness of prison life." *Grieveson*, 538 F.3d at 776. He has not alleged a plausible claim against the unnamed officers.

He also lists the "State of Indiana" as a defendant, but the state is not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Additionally, any claim for damages against

4

the state would be barred by the Eleventh Amendment. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). He also names the jail itself as a defendant, but the jail is a building, not a person or policy-making body that can be sued for a constitutional violation under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **July 22, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT